IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL CLARK, # K-98637, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-719-JPG |
| ) | |
| SERGEANT K. CARTWRIGHT, ) | |
| R. PELKER and G. KORONDO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Daniel Clark, who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action pursuant to 42 U.S.C. § 1983 for numerous constitutional deprivations that occurred during his incarceration at Menard Correctional Center ("Menard"). Plaintiff claims that several Menard officials, including Defendants Korondo, Pelker, and Cartwright, responded to his suicide attempt with excessive force on September 11, 2013. He now seeks declaratory judgment, monetary damages, and injunctive relief.

Plaintiff previously filed a Section 1983 action to address these claims. *See also Clark v. Cartwright, et al.*, Case No. 14-cv-00054-JPG-PMF (S.D. Ill. 2014). His complaint survived threshold review pursuant to 28 U.S.C. § 1915A (*Id*. at Doc. 9). However, the case was dismissed after Plaintiff failed to pay his initial partial filing fee (*Id*. at Doc. 47). The dismissal was without prejudice, so Plaintiff is not foreclosed from pursuing his claims in a new action.

This matter is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Plaintiff filed his original complaint on July 1, 2015 (Doc. 1). Before the Court screened the complaint, Plaintiff filed a motion seeking leave to file an amended complaint on

July 14, 2015 (Doc. 7). Along with the motion, he filed a proposed amended complaint. Plaintiff's motion and proposed pleading satisfy the requirements for amended pleadings under Federal Rule of Civil Procedure 15(a), and the motion shall be granted. The Clerk shall be instructed to file the proposed amended pleading as the "First Amended Complaint" in CM/ECF.

The first amended complaint is now ripe for review. *See* 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The first amended complaint survives threshold review under this standard.

### First Amended Complaint

During his incarceration at Menard on September 11, 2013, Plaintiff asked C/O Korondo if he could speak to a mental health professional. C/O Korondo ignored this request and told Plaintiff to write a grievance instead. Plaintiff then tied one end of a bed sheet around his neck and the other end to his cell bars. He attempted to hang himself.

When C/O Korondo returned for a cell check, he saw Plaintiff hanging by his neck, but continued walking past the cell. He returned a couple minutes later and grabbed the sheet in an attempt to strangle Plaintiff while yelling racial insults at him. The shouting woke up Plaintiff's cellmate, who told C/O Korondo to get off Plaintiff and call for help.

C/O Korondo called for Sergeant Pelker on his radio. He told Sergeant Pelker that Plaintiff tried to hang himself in order to avoid time in disciplinary segregation. C/O Korondo and Sergeant Pelker then handcuffed Plaintiff and escorted him to a room in the health care unit. Once out of view of the surveillance cameras, they ordered Plaintiff to bend over, put his chin on the hospital bed, and look straight at the wall. When Plaintiff did so, C/O Korondo squeezed the

back of Plaintiff's neck while holding his handcuffs, forcing him down on the mattress. At the same time, Sergeant Pelker repeatedly kicked Plaintiff in the buttocks, saying that they "aint about to be saving no ni***rs from killing theyself [sic]."

Lieutenant Cartwright arrived fifteen minutes later. He walked up to Plaintiff, used both hands to grab him around the neck, and began choking Plaintiff while screaming racial insults at him. He then shoved Plaintiff, who fell and struck his elbow against the sink. Lieutenant Cartwright picked him back up, choked him again, and spit in his face, while directing additional racial insults toward Plaintiff. Both C/O Korondo and Lieutenant Cartwright told Plaintiff that they "hate ni***rs."

Eventually these three officers took Plaintiff to meet with a mental health professional, Doctor Hillerman, who is not named as a defendant in this action. Plaintiff specifically asked to speak with the doctor alone. Doctor Hillerman denied this request and instructed Plaintiff to speak or go back to his cell. In the presence of all three officers, Plaintiff told Doctor Hillerman that he was "feeling suicidal and homicidal because the C/O's just jumped [him] for no reason." He also indicated that he was depressed because he was unable to contact his family and kids. In response, Doctor Hillerman told Plaintiff to return to his cell or the cell that the three officers chose for him.

C/O Korondo, Sergeant Pelker, and Lieutenant Cartwright took Plaintiff to a different cell in 6 Gallery. The cell had no working water, no personal property, and no ventilation. The officers denied Plaintiff's request for his inhaler.

The following day, Plaintiff met with Doctor Whiteside, who is also not named as a defendant in this action. After speaking with him, the doctor placed Plaintiff on suicide watch in a different cell for fourteen days. He was again placed on suicide watch after cutting his wrists

and again attempting suicide following the expiration of the initial suicide watch. Eventually, Plaintiff was transferred from Menard to Pontiac, where he is currently incarcerated.

Plaintiff seeks monetary damages against C/O Korondo, Sergeant Pelker, and Lieutenant Cartwright, for violating his constitutional rights. He also seeks a preliminary and permanent injunction against them, in the form of an order prohibiting further physical violence and threats.

### Discussion

To facilitate the orderly management of future proceedings and in accordance with the objectives of Federal Rules of Civil Procedure 8 and 10, the Court deems it appropriate to organize the claims in Plaintiff's *pro se* first amended complaint into numbered counts, as shown below. The parties and the Court will use these designations in all pleadings and orders going forward, unless otherwise directed by the Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Eighth Amendment deliberate indifference claim against Defendant Korondo for failing to protect Plaintiff from the risk of suicide on September 11, 2013;

**Count 2:** Eighth Amendment excessive force claim against Defendants Korondo, Pelker, and Cartwright for responding to Plaintiff's suicide attempt with excessive force on September 11, 2013;

**Count 3:** Fourteenth Amendment equal protection claim against Defendants Korondo, Pelker, and Cartwright for singling Plaintiff out for mistreatment following his suicide attempt because of his race;

**Count 4:** Eighth Amendment claim against Defendants Korondo, Pelker, and Cartwright for subjecting Plaintiff to unconstitutional conditions of confinement by placing him in a cell with no working water, no personal property, and no ventilation following his suicide attempt on September 11, 2013.

Plaintiff shall be allowed to proceed with **Count 1** against Defendant Korondo and **Counts 2** and **3** against Defendants Korondo, Pelker, and Cartwright. However, **Count 4** shall be dismissed without prejudice for the reasons set forth below.

### **Dismissal of Count 4 – Cell Conditions**

It is not clear whether Plaintiff intends to bring a separate Eighth Amendment claim against Defendants Korondo, Pelker, and Cartwright for the conditions he encountered in the cell where he was taken immediately after he met with Doctor Hillerman on September 11, 2013. According to the allegations, Plaintiff spent less than one day in a cell that had no water, no personal property, and poor ventilation. He was denied the use of his inhaler during this time period. After he was placed on suicide watch, Plaintiff was moved to a different cell. Plaintiff does not state that he suffered any physical problems as a result of the conditions that he encountered.

The Court now finds that the first amended complaint does not support a claim for unconstitutional conditions of confinement. Temporary discomfort and inconvenience, such as Plaintiff describes here, do not implicate the Constitution. *See Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (duration of deprivation must be considered in determining whether condition of confinement is unconstitutional); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (same). Deprivations that are more significant in duration and scope may support an Eighth Amendment claim. *See, e.g., Vinning-El v. Long*, 482 F.3d 923, 923-25 (7th Cir. 2007) (reversing summary judgment for defendant where prisoner was deprived of basic sanitation items and incarcerated for six days in a cell where blood and feces were smeared on the walls, water covered the floor, and the sink and toilet did not work); *Johnson v. Pelker*, 891 F.2d 136, 139-40 (7th Cir. 1989) (Eighth Amendment claim stated where prisoner was incarcerated for

three days in a cell that was smeared with human feces and had no running water). As described in the first amended complaint, the facts regarding Plaintiff's temporary cell placement do not support a claim upon which relief may be granted. Accordingly, **Count 4** shall be dismissed with prejudice, consistent with the dismissal of this claim in *Clark v. Cartwright, et al.*, Case No. 14-cv-00054-JPG-PMF (S.D. Ill. 2014).

### Request for Injunctive Relief

In his request for relief, Plaintiff seeks a preliminary and permanent injunction, consisting of an order prohibiting the Menard defendants from using further force or threats against him. Plaintiff is no longer incarcerated at Menard. He is housed at Pontiac. Under the circumstances, his request for injunctive relief – at least preliminary injunctive relief – is moot. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he will again be incarcerated at Menard under the conditions described in the First amended complaint would it be proper for the Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

Given the above, Plaintiff's request for preliminary injunctive relief is **DENIED** without prejudice as **MOOT**. The Court will save for another day and a fuller record the request for permanent injunctive relief.

Should Plaintiff deem interim relief to be necessary, he is free to request it by filing a separate motion seeking a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65 at any time while this action is pending.

**Pending Motions**

Plaintiff's motion for leave to file an amended complaint (Doc. 7) is hereby **GRANTED**. The **CLERK** is **DIRECTED** to file the proposed amended complaint as the "First Amended Complaint" in CM/ECF.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 4** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's request for a preliminary injunction is **DENIED** as moot.

As to **COUNTS 1, 2,** and **3**, the Clerk of Court shall prepare for Defendants **KORONDO, PELKER,** and **CARTWRIGHT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the first amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending

the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 29, 2015**

*s/J. Phil Gilbert*
United States District Judge