# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:15 CV 719 SMY/RJD |
| KEVIN CARTWRIGHT, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion for Sanctions. (Doc. 45.) Plaintiff was formerly incarcerated by the Illinois Department of Corrections at Menard Correctional Center. On July 1, 2015, Plaintiff commenced this action, alleging violations of his constitutional rights. (Doc. 1.) On July 29, 2015, the Court screened Plaintiff's complaint, and Plaintiff now proceeds on the following claims:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendant Korondo for failing to protect Plaintiff from the risk of suicide on September 11, 2013;
>
> **Count 2:** Eighth Amendment excessive force claim against Defendants Korondo, Pelker, and Cartwright for responding to Plaintiff's suicide attempt with excessive force on September 11, 2013;
>
> **Count 3:** Fourteenth Amendment equal protection claim against Defendants Korondo, Pelker, and Cartwright for singling Plaintiff out for mistreatment following his suicide attempt because of his race.

(Doc. 8.)

On August 9, 2017, Defendants filed the instant motion for sanctions for Plaintiff's failure to appear at his deposition twice in November 2016. (Doc. 45.) Specifically, Defendants

request that the Court sanction Plaintiff by dismissing this action and ordering Plaintiff to reimburse court reporter fees, or, alternatively, by granting leave to depose Plaintiff and ordering Plaintiff to reimburse court reporter fees. The Federal Rules of Civil Procedure allow the Court to "order sanctions if a party fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Rule 37 does not set forth a time limit for motions to compel, but "unreasonable delay may render such a motion untimely." *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994). "The timeliness of a motion for sanctions depends on such factors as when the movant learned of the discovery violation, how long he waited before bringing it to the court's attention, and whether discovery has been completed." *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 91 (D.D.C. 2008).

Here, Defendants learned of Plaintiff's failure to appear in November 2016. Discovery closed on December 3, 2016. (Doc. 35.) Defendants filed the instant motion more than eight months after the close of discovery and merely two months before trial, and Defendants offer no explanation for this delay. Accordingly, Defendants' Motion for Sanctions is denied as untimely.

Although the Court finds sanctions to be unwarranted, the Court grants leave for Defendants to depose Plaintiff. Defendants must depose Plaintiff by September 20, 2017. Plaintiff is warned that further failure to comply with the rules and orders pertaining to discovery may result in dismissal of this action.

**SO ORDERED.**

**DATED: August 16, 2017**  *s/      Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE