IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL CLARK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-719-RJD |
| KEVIN CARTWRIGHT, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff (Doc. 59). The Court has reviewed the motions and responses thereto, and sets for its rulings as follows:

1. Motion in Limine to bar Plaintiff's Department of Corrections ("DOC") inmate disciplinary history.

Defendants have no objection, except as it relates to Plaintiff's sexual misconduct on September 11, 2013. The exception will be addressed below. The motion to bar Plaintiff's DOC disciplinary history is **GRANTED**.

2. Motion in Limine to bar testimony regarding misconduct that allegedly occurred between Plaintiff and Amy Lang on September 11, 2013.

Plaintiff asks that the Court preclude testimony regarding alleged self-gratification in the presence of Amy Lang, a nurse, on September 11, 2013. Plaintiff contends exclusion is warranted under Rule 401 and 403 because it is substantially more prejudicial than probative. Plaintiff asserts that Defendants seek to introduce such evidence to insinuate bad character on his behalf and to confuse or inflame the passions of the jury through the nature of the alleged

misconduct which is prohibited under Rule 404(b). Defendants contend the incident is relevant to Plaintiff's deliberate indifference claim against Korando for failing to protect Plaintiff from the risk of suicide on September 11, 2013. Plaintiff alleges he requested Defendant Korando to call the crisis team, but Korando ignored the request. Defendant Korando asserts he should be permitted to explain the multiple instances in which he had the opportunity to observe Plaintiff on September 11, 2013, and whether he witnessed any signs of distress or indicators of potential suicide. Defendant Korando asserts the jury should be allowed to hear evidence that Korando was instructed to advise Plaintiff that he would be moving cells because of Plaintiff's misbehavior in front of Ms. Lang, and prior to this Korando did not witness any signs of suicide. If the Court finds the evidence of Plaintiff engaging in sexual misconduct is too prejudicial, in the alternative, Defendants ask to present evidence that Plaintiff was being moved cells for disciplinary reasons, without mention of the sexual nature of the misconduct.

Defendant Korando's state of mind is at issue in Plaintiff's deliberate indifference claim. Plaintiff's actions and behavior on September 11, 2013 are relevant to whether Defendant Korando knew of and disregarded an excessive risk to Plaintiff's health. The risk of prejudice does not outweigh the probative value of the evidence of the events that occurred on September 11, 2013. Plaintiff's motion in limine is therefore **DENIED**.

3. Motion in Limine to bar evidence of Plaintiff's criminal history.

Plaintiff moves to exclude any evidence or testimony regarding the nature of his criminal offenses. Defendants object to Plaintiff's motion, arguing that Plaintiff's convictions are admissible under Federal Rule of Evidence 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purpose

of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of felonies and was previously incarcerated with the Illinois Department of Corrections. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff was incarcerated.

## Conclusion

For the foregoing reasons, Plaintiff's Motion in Limine (Doc. 59) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED: August 20, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**