IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL CLARK, )
    Plaintiff, )
)
v. ) Case No. 15-cv-719-RJD
)
KEVIN CARTWRIGHT, et al., )
)
    Defendants. )
)

# ORDER

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Defendants (Doc. 78). Plaintiff filed a Response (Doc. 101). The Court has reviewed the motions and responses thereto, and sets forth its rulings as follows:

1. Defendants seek to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify the Defendants. Plaintiff does not object to this motion.

    Defendants' motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

2. Defendants seek to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving any of the Defendants. Plaintiff does not object to this motion.

    Defendants' motion is **GRANTED**. Plaintiff shall be barred from offering evidence or testimony of other lawsuits involving any of the Defendants.

3. Defendants seek to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand or grievance issued against any of the Defendants. Plaintiff does not object to this motion to the extent it seeks to exclude evidence unrelated to Clark or the specific events in this case. Plaintiff does object to the exclusion of any disciplinary action directly involving Clark and the chain of events that culminated in the September 11, 2013 incident. Defendants assert there was no disciplinary action against Defendants relating to this incident.

Defendants' motion is **GRANTED**. Plaintiff shall be barred from offering evidence of misconduct, reprimand or grievance involving any of the Defendants.

4. Defendants seek to prohibit Plaintiff from making any "golden rule" appeal. Plaintiff asserts this motion is unnecessary and inappropriate because the law is clear and Plaintiff's counsel does not intend to exceed the boundaries of permissible argument.

    Defendants' motion is **GRANTED**. Plaintiff shall be barred from setting forth any argument or testimony that the jury place itself in Plaintiff's position or engage in a hypothetical wherein the jurors are asked to place themselves in Plaintiff's position.

5. Defendants seek to prohibit Plaintiff from offering evidence or testimony referencing the Illinois Administrative Code, Institutional Directives, and Administrative Directives. Plaintiff objects that this motion is overbroad and seeks to introduce administrative directives on "Resort to Force" and "Suicide Prevention and Intervention and Emergency Services." Plaintiff argues the directives provide information regarding the training received by Defendants and the structural backdrop to their actions and conduct surrounding the September 11, 2013 incident. Defendants argue violation of a policy directive does not make it more or less likely that their conduct violated Plaintiff's constitutional rights and introducing directives would only confuse the jury.

    The Court agrees that the probative value of the institutional directives is outweighed by the likelihood of confusion of the issues. Defendants' motion is **GRANTED**. Plaintiff shall be barred from introducing evidence or testimony referencing the Illinois Institutional and Administrative Directives.

6. Defendants seek to prohibit Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. Defendants argue Plaintiff is not a physician or psychiatrist and any lay account proffered by him regarding the causation of any medical conditions should be barred. Plaintiff objects that this motion is overbroad. Plaintiff argues he should be allowed to testify how he felt.

    Defendants' motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff and his witnesses may testify as to their own personal experiences and observations, but they shall be prohibited from testifying as to the causation of any specific medical diagnosis. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

## Conclusion

For the foregoing reasons, Defendants' Motions in Limine (Doc. 78) are **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

**DATED:   November 2, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**